IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LATINOS FOR TRUMP, BLACKS FOR TRUMP, JOSHUA MACIAS, M.S., B.G., J.B., J.J.,**  *Plaintiffs,*<br><br>v.<br><br>**PETE SESSIONS, MITCH MCCONNELL, NANCY PELOSI, MARK ZUCKERBERG, CHUCK SCHUMER, ALEXANDRIA OCASIO-CORTEZ, BRAD RAFFENSPERGER, ALL MEMBERS OF THE 117TH U.S. CONGRESS, ALL SECRETARIES OF STATE, ALL STATE GOVERNORS,**  *Defendants.* | **6-21-CV-00043-ADA** |

## SHOW CAUSE ORDER

This is case is before the Court on its own Motion. On January 18, 2021, Plaintiffs Latinos for Trump, Blacks for Trump, Joshua Macias, M.S., B.G., J.B., and J.J. (collectively, "Plaintiffs") filed their Complaint and Application for Injunction Relief. ECF No. 1. Additionally, Plaintiffs filed a Motion for Temporary Restraining Order along with several supplemental memoranda. ECF Nos. 2, 5, 6, 9, 10.

### I.    LEGAL STANDARD

**A. Rule 12(b)(6)**

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When deciding whether a plaintiff's complaint fails to state a claim under Rule 12(b)(6), the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court need not blindly accept each and

every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as a factual conclusion." *Taylor v. Brooks A. Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 56 U.S. 652, 678 (2009).

To survive dismissal, a nonmovant must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

As a general rule, a district court may dismiss a complaint on its own for failure to state a claim. *Shawnee Intern., N.V. v. Hondo Drilling Co.,* 742 F.2d 234, 236 (5th Cir.1984); *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006). However, a district court can only dismiss an action on its own motion "as long as the procedure employed is fair." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 1357, at 301 (2d ed.1990) (internal citations omitted). The Fifth Circuit has further suggested that fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Carroll,* 470 F.3d at 1177; *Bazrowx,* 136 F.3d at 1054 (quoting *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1185 (7th Cir.1989)).

## II.  ANALYSIS

Here, the Court finds that Plaintiff's claims are without merit, because the federal statute under which they seek relief do not permit them to sue Defendants to restrain Defendants from

"participating in any action relating to the process of electing public officials, holding public office or any official government position, or position in any partisan enterprise related to American politics, and from defaming or threatening or otherwise interfering with the life, liberty, or property of Plaintiffs." Pls.' Compl. Plaintiffs have not pleaded sufficient facts to state a claim to relief that is plausible on its face under either the Help America Vote Act (HAVA) or § 1983.

First, HAVA does not provide the declaratory relief sought by Plaintiffs. *See Morales-Garza v. Lorenzo-Giguere*, 277 Fed. Appx. 444, 446 (5th Cir. 2008); *Sandusky County Democratic Party v. Blackwell,* 387 F.3d 565, 572 (6th Cir.2004) ("HAVA does not itself create a private right of action."); *Paralyzed Veterans of Am. v. McPherson,* No. C 06–4670, 2006 WL 3462780, at *6 (N.D.Cal. Nov. 28, 2006) (same); *Taylor v. Onorato,* 428 F.Supp.2d 384, 386 (W.D.Pa.2006) (same).

Second, § 1983, even if used to assert any potential right under HAVA, does not apply to federal officers, such as members of the 117th U.S. Congress, who act under federal law, and thus relief is not available under this statute. *See* 42 U.S.C. § 1983 (providing a federal cause of action against persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"); *Campbell v. Amax Coal Co.,* 610 F.2d 701, 702 (10th Cir.1979) (stating that § 1983 "does not apply to federal officers acting under color of federal law").

As such, the Court orders Plaintiffs to show cause as to why the Court should not dismiss Plaintiff's Complaint for failure to state a claim.

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff amend his Complaint in a manner consistent with the above guidance within fourteen (14) days of this Order, **by Wednesday, February 10, 2021.** Plaintiff's failure to timely and fully comply with the Court's Order may result in the subsequent dismissal of this matter.

SIGNED this 27th day of January, 2021.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**