# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISON

| | | |
|---|---|---|
| LATINOS FOR TRUMP, BLACKS FOR TRUMP, JOSHUA MACIAS, M.S., B.G., J.B., J.J., | § § § § | |
| Plaintiffs. | § § § | |
| v. | § § | NO. 6:21-CV-00043-ADA |
| PETE SESSIONS, MITCH McCONNELL, NANCY PELOSI, MARK ZUCKERBERG, CHUCK SCHUMER, ALEXANDRIA OCASIO-CORTEZ, BRAD RAFFENSPERGER, ALL MEMBERS OF THE 117TH U.S. CONGRESS, et al., | § § § § § § § § § | JURY TRIAL REQUESTED |
| Defendants. | | |

### Response to Show Cause Order
**[Relates to Documents 11 and 12]**

COME NOW, Latinos for Trump, Blacks for Trump, Joshua Macias, M.S., B.G., J.B., J.J., (collectively, "Plaintiffs"), by and through their attorneys, Paul M. Davis, and Kellye SoRelle, and file this their Response to Show Cause Order (the "Response") to demonstrate why their lawsuit cannot lawfully be dismissed for the reasons set forth in the Show Cause Order (Doc. 11) (the "Order") or otherwise. In support thereof, Plaintiffs respectfully represent the following:

1

I. **Introduction: Plaintiffs' action cannot lawfully be dismissed for the grounds set forth in the Show Cause Order due to the various claims for relief clearly stated in the First Amended Complaint.**

1. Plaintiffs' above-captioned Lawsuit cannot be dismissed pursuant to the grounds stated in the Show Cause Order due to the filing of Plaintiffs' First Amended Complaint (Doc. 1) (the "Amended Complaint") which clearly states numerous claims for relief under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 for violations of fundamental constitutional rights, including substantive due process and equal protection rights related to suffrage, the right to a republican form of government, and the First Amendment fights of freedom of speech, freedom to peaceably assemble, and freedom to petition the government for redress of rights.

2. The First Amended Complaint (Doc. 12) ("Amended Complaint") effectively moots the Show Cause Order, as it would any other motion to dismiss under Fed. R. Civ. P. 12(b)(6) because the Amended Complaint becomes the operative document. The Amended Complaint cannot be dismissed under Rule 12(b)(6) because it provides fair notice of Plaintiffs' claims and supports those claims with detailed factual allegation that are both plausible and rise above the level of mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

3. Rule 12(b)(6) motions to dismiss are generally disfavored in light of the liberal pleadings standards of the FRCP. Accordingly, the Court must assume that all material facts contained in the Amended Complaint are true, *e.g. Twombly*, 550 U.S. at 555–56 and resolve all inferences in Plaintiffs' favor. *See Collins v. Morgan*

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *Ruivo v. Wells Fargo Bank*, 766 F.3d 87, 90 (1st Cir.2014).

**II. Plaintiffs do not bring any cause of action for "declaratory relief" under HAVA. Plaintiffs' claims are for violation of constitutional rights under the Fourteenth Amendment, the First Amendment, and Article IV, section 4.**

4. As part of this Response, Plaintiffs incorporate by reference paragraphs 22–30 of the Amended Complaint as thought fully set forth herein.

5. The Order asserts two grounds for dismissal of the Lawsuit based on the allegations in the Original Complaint (Doc. 1), which have now been superseded by the Amended Complaint. The first calls for dismissal on the grounds that "HAVA does not provide the declaratory relief sought by Plaintiffs." Order, p. 3.

6. This first ground appears to simply be a misunderstanding of Plaintiff's claims because Plaintiffs' do not seek "declaratory relief" under HAVA[1] directly. To the misunderstanding was the result of Plaintiffs' claims not being well-articulated in the Original Complaint, this first issue is more than resolved and mooted by the Amended Complaint. As stated in the opening paragraph above, Plaintiffs' claims are not claims under HAVA, but are claims based on Defendants' conspiracy and conduct that deprive them of their constitutional rights. *See* Amended Complaint, ¶¶ 119–166. These claims are brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and as *Bivens* claims directly pursuant to the Fourteenth Amendment. *Id.*

7. Nowhere in the Amended Complaint could it be reasonably implied that Plaintiffs are seeking a direct action under HAVA or that Plaintiffs are seeking to

---

[1] All capitalized terms note defined herein shall have the meaning ascribed to them in the Amended Complaint.

3

"assert any potential right under HAVA" by way of § 1983 as suggested on page 3 of the Order.  HAVA is only one of two federal Election Integrity Safeguards[2] that clearly and obviously exist to protect Plaintiffs' constitutional rights related to suffrage and the guarantee of a republican form of government,

8. For example, Senator Chris Dodd, in presenting the final Senate Conference Report regarding HAVA on the Senate floor specifically stated that the purpose of HAVA was to protect our "most fundamental right as American citizens: the right to vote." 148 Cong. Rec. S10412-02 (Oct. 15, 2002).  Senator Dodd elaborated that the impetus for enactment of HAVA was "fixing those problems and righting those wrongs" of the 2002 federal election debacle where "four to six million" Americans "never had their votes counted" due to "faulty machinery," "wrongful and illegal purges from voter lists," and "poorly designed ballots," and "every single news program, day in and day out, 24 hours a day, was of eyes peering through hanging chads and people bellowing at each other in a voting precinct in Florida, with courtrooms packed, around the corner from here, in the United States Supreme Court." *Id.*

9. HAVA was drafted and enacted to restore the view of America as a "beacon light of self-government" and was, as Sen. Dodd further averred, the "first civil rights legislation of the 21st century." *Id.*  It should go without saying that the 1960 Civil Rights Act, which Defendants' conspiracy also severely violated, was enacted to protect these same constitutional rights.  Clearly, as demonstrated by the

---

[2] Amended Complaint, ¶ 17.

necessity of the Western District of Texas's decision in *United States v. State of Tex.*, 252 F. Supp. 234, 250–51 (W.D. Tex.), *aff'd sub nom. Texas v. United States*, 384 U.S. 155 (1966), the voting rights of Black people were being severely deprived during that time. Of course, this necessitated Sections 301 and 302 of the 1960 CRA, which require the preservation of all "records and papers" which come into the possession of any election official related to an election and provides fines and jail time for officials who destroy records. Plaintiffs should not have to cite to the Congressional Record since it is plain and obvious that such laws are enacted for the purpose of preserving an audit trail of records to determine whether constitutional suffrage rights have been violated.

10. It is those constitutional rights themselves, not HAVA, under which Plaintiffs bring their § 1983 claims. Therefore, the Court cannot dismiss the lawsuit on the grounds that Plaintiffs assert a private cause of action under HAVA, through § 1983 or otherwise. However, given that the U.S. Attorney General and Deparment of Justice have utterly failed to bring any claims directly under HAVA based on the severe and pervasive violations set forth in the Amended Complaint, perhaps, if Plaintiffs had asserted such a cause of action, Plaintiffs should have been allowed to bring the action as a private attorney general, whereas the public Attorney General has abdicated his role to protect the public, preferring instead, apparently, to protect the "Washington Swamp" and their various cohorts in the private sector and at the state and local levels. In any case, Plaintiffs' Lawsuit cannot be dimissed on the first basis articulated in the Show Cause Order for the foregoing reasons.

### III. The Amended Complaint states claims for relief under § 1983 against federal officials, including the Congressional Defendants, because the allegations demonstrate each were a "willful participant in joint activity with the State or its agents."

11. The second basis for dismissal under Rule 12(b)(6) set forth in the Order is that 42 U.S.C. § 1983 "does not apply to federal officers," such as members of the 117th U.S. Congress. The Court based its assertion on a general proposition from non-binding authority out of the Tenth Circuit Court of Appeals. Order, p. 3 (*citing Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979)).

12. This assertion is contrary to binding Supreme Court and Fifth Circuit precedent, which clearly hold, for purposes of § 1983, acting "under color of law does *not* require that the accused be an officer of the state;" rather, "[i]t is enough that he is a willful participant in joint activity with the State or its agents." *United States v. Price*, 383 U.S. 787, 795 (1966) (emphasis added); *Gomez v. Fla. State Employment Serv.*, 417 F.2d 569, 578 (5th Cir. 1969); *see also Kletschka v. Driver*, 411 F.2d 436, 448–49 (2d Cir. 1969) ("We can see no reason why a joint conspiracy between federal and state officials should not carry the same consequences under § 1983 as does joint action by state officials and private persons."); *accord Tongol v. Usery*, 575 F. Supp. 409, 415 (N.D. Cal. 1983), *rev'd sub nom. on other grounds Tongol v. Donovan*, 762 F.2d 727 (9th Cir. 1985).

13. To the extent the factual allegations and statements of the causes of action in the Original Compliant lacked any clarity to the Court that Plaintiffs' base their § 1983 claims against the Congressional Defendants and other federal officials on a joint conspiracy between state official acting under color of law and federal

officials willfully participating in the conspiracy, the allegations in the Amended Complaint make this abundantly clear throughout.

14. The allegations in the Amended Complaint make it clear that the federal officials, the Congressional Defendants, willfully, and in full knowledge of HAVA and the 1960 CRA, responded to solicitation from private actors to distribute federal funds to state and local officials who used the federal funds to deprive Plaintiffs of their constitutional suffrage and republican form of government rights by violating HAVA and the 1960 CRA to the extent that Plaintiffs were robbed of the ability to even cast a lawful ballot in a lawful election with no safeguards to assure their ballot would not be diluted and no ability to even determine if their rights had been violated through any meaningful audit of the essential "papers and records" that the state and local officials had either failed to preserve or destroyed in keeping with the unlawful elections procedures they implemented. *See* Amended Complaint (all factual allegations). In addition, various private actors in news media, social media and technology to further perpetrate the conspiracy, in which the federal officials were willing participants, conducted an all-out assault on Plaintiffs First Amendment rights that resulted in severe deprivations of the same.

15. Indeed, if such factual allegations, as articulated in the Amended Complaint do not state a claim against federal officials pursuant to the standards articulated by the binding Supreme Court and Fifth Circuit precedent set forth herein, then truly none would, thus rendering the *Price* and *Gomez* and similar holdings from other Circuit courts of Appeal, including the Second, Ninth, and other,

to be utterly meaningless. Accordingly, Plaintiffs' Lawsuit cannot be dismissed on this second basis either.

### IV. Conclusion.

16.  As demonstrated herein, the allegations in the Amended Complaint provide fair notice of Plaintiffs' claims and supports those claims with detailed factual allegation that are both plausible and rise above the level of mere speculation, thus satisfying the standard required for pleading under Fed. R. Civ. P. 12(b)(6). Therefore, Plaintiffs' Lawsuit cannot be dismissed on the Court's own motion set forth in the Show Cause Order.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs all relief they seek in the Amended Complaint and in the various other filings in the Lawsuit and grant all further relief, in law and in equity, to which they may be justly entitled.

Respectfully submitted to the Honorable Court this 10th day of February, 2021.

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar Number 24078401
Admitted to West. Dist. TX
paul@davissorelle.com
Kellye SoRelle
Texas Bar Number 24053486
Admitted *pro hac vice*
DAVIS SORELLE, P.C.
3245 Main St., Suite 235-329
Frisco, TX 75034
Phone: 713-726-4020
Fax: 469-815-1178

ATTORNEYS FOR PLAINTIFFS