**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LATINOS FOR TRUMP, et. al.,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 6:21-CV-00043-ADA-JCM** |
| | § | |
| **PETE SESSIONS, et. al.,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

**ORDER and REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D ALBRIGHT,**
        **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. This case is before the Court on its own Motion. For the following reasons, the Court **RECOMMENDS** that Plaintiffs' Complaint be **DISMISSED** for lack of standing and failure to state a claim and that Plaintiff's Second Amended Complaint be **STRICKEN**. Consequently, the Court also **RECOMMENDS** that all pending Motions be **DENIED AS MOOT**. The Court further **ORDERS** this matter **STAYED** (including all Answer deadlines) pending the resolution of the Report and Recommendation by the District Court.

## I.      BACKGROUND

In a massive fifty-page Complaint, Plaintiffs seek, amongst other things: permanent injunctive relief in the form of a new election for president, vice president, and the United States

Congress; permanent injunctive relief prohibiting all Defendants from ever holding public office (Defendants include, amongst others, "all state governors and secretaries of state" as well as "all current and so-called members of the 117th U.S. Congress"); and general and punitive damages. *See* Pls.' Am. Compl. at 49, ECF No. 12.

The facts undergirding the lawsuit hardly bear repeating due to the suit's fantastic and outright nonsensical nature, but what follows is a sampling of some of the allegations included in this purported "class action" suit:

- Congress, Biden, and Harris are the illegitimate fruit of an unconstitutional 2020 federal election process because state election officials and executives, using the COVID-19 pandemic as an excuse, made changes in election procedures in violation of federal election law and thereby violated Plaintiffs' constitutional rights. Pls.' Am. Compl at 25.

- Congress and Mark Zuckerberg distributed $700 million in federal and private funds, respectively, to state election officials who used the funds to conduct the 2020 election in violation of federal election law. *Id.* at 11.

- A "cabal" took clandestine measures to make sure that traditional Democrat voters did not defect from the ranks to vote for a populist candidate, Donald Trump. *See id.* at 9-10.

Plaintiffs' Complaint seeks relief under several causes of action: conspiracy and conduct to deprive Plaintiffs of their "constitutional rights related to suffrage and the right to a republican form of government" under 42 U.S.C. § 1983; conspiracy and conduct to deprive Plaintiffs of their First Amendment rights under 42 U.S.C. § 1983; conspiracy to interfere with constitutional rights under 42 U.S.C. § 1985; "action for neglect to prevent" under 42 U.S.C. § 1986; deprivation of equal rights under the law pursuant to 42 U.S.C. § 1981; a *Bivens* claim for conspiracy to "deprive constitutional rights related to suffrage and the right to a republican form of government;" and a *Bivens* claim for "conspiracy and/or conduct to deprive of First Amendment rights."  *See* Pls.' Am. Compl. at 36-44. Plaintiffs aver that they will seek class certification for a class that includes all 150 million United States citizens who voted in the 2020 election. *Id.* at 45.

## II.      LEGAL STANDARD

### A. Standing

A court may raise the jurisdictional issue of standing sua sponte despite the parties' failure to raise it. *Henderson v. Stalder*, 287 F.3d 374, 379 n. 5 (5th Cir. 2002). The burden of establishing standing, which rests on the party invoking federal court jurisdiction, varies depending upon the stage at which standing becomes an issue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the pleading stage, the court looks only to the sufficiency of the allegations. *Id.* The party invoking federal court jurisdiction must clearly allege facts demonstrating each element of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The party invoking federal court jurisdiction must also demonstrate standing separately for each claim and form of relief sought. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Standing traditionally consists of three elements: first, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. *Id.* Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561.

### B. Federal Rule of Civil Procedure 12(b)(6)

A court may also dismiss a complaint for failure to state a claim on its own motion as long as the procedure employed is fair. *Miller v. Sam Hous. State Univ*., 986 F.3d 880, 888-89 (5th Cir. 2021); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Generally, fairness requires notice of the court's intention and an opportunity to respond. *Miller*, 986 F.3d at 888-89.

However, notice is not required if the court determines that the plaintiff has alleged his best case and still fails to state a claim. *Id.*

To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court, however, need not blindly accept each and every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions masquerading as factual conclusions. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); see *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 at 678. The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.* A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

**A. Plaintiffs lack standing to bring their claims for alleged violations of the right to a republican form of government and "rights related to suffrage."**

Plaintiffs lack standing to assert most of their claims. The named Plaintiffs in this purported "class action" consist of Joshua Macias, who is an individual residing in Virginia, two political organizations: "Latinos for Trump" and "Blacks for Trump," and several individuals listed only by their initials: M.S., B.G., J.B., and J.J. .[1] *Id.* at 18-20. At least two of these Plaintiffs are members of thePlaintiffpolitical organizations. *Id.* These organizations must satisfy the same Article III standing requirements as the Plaintiffs who are individuals. *NAACP v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010).

First, Plaintiffs bring several claims relating to the right to a republican form of government and "rights related to suffrage." *See* Pls.' Am. Compl. at 36-44.  This includes a claim for conspiracy to "deprive constitutional rights related to suffrage" under 42 U.S.C. § 1983; a claim for conspiracy to interfere with constitutional rights under 42 U.S.C. § 1985; an "action for neglect to prevent" constitutional violations related to suffrage under 42 U.S.C. § 1986, and a *Bivens* claim for conspiracy to "deprive constitutional rights related to suffrage." *Id.* However, Plaintiffs lack standing to bring these claims because Plaintiffs fail to allege a particularized injury.

---

[1] Generally, parties to a lawsuit must identify themselves in their pleadings. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir. 1979). Federal Rule of Civil Procedure 10 requires that a complaint include the names of all the parties. *See* Fed. R. Civ. P. 10(a). This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Additionally, Rule 17 provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The fact that a party may suffer some humiliation or personal embarrassment, standing alone, is insufficient to justify the use of a pseudonym. *See Frank,* 951 F.2d at 324. Plaintiffs aver that "a reasonable concern for personal safety and property and that of family [sic] in retaliation for filing this lawsuit" justifies their use of a pseudonym. Plaintiffs present no further evidence of a credible threat beyond this conclusory allegation. Thus, in the event this lawsuit is not dismissed pursuant to this Report and Recommendation, the Court **RECOMMENDS** that Plaintiffs be required to amend their Complaint and disclose their full names.

A particularized injury is an injury that is personal, individual, and distinct to the plaintiff filing suit as opposed to a widely shared and undifferentiated injury. *See Lujan*, 504 U. S., at 560; *Abbott v. BP Expl. & Prod.*, 851 F.3d 384, 388 (5th Cir. 2017). Plaintiffs allege that Defendants violated *every* American's constitutional right to a republican form of government as well as other "constitutional rights related to suffrage." *See* Pls.' Am. Compl. at 2, 28-30. As Plaintiffs themselves allege, their injuries, including their alleged emotional harm and mental anguish, are not particularized but undifferentiated and widely shared among all 328 million Americans. *See id.* at 2, 16, 17, 24-25, 28-30.

Because Plaintiffs aver that these alleged injuries are widely shared and undifferentiated among every American, Plaintiffs fail to allege a particularized injury for these claims. *See Lance v. Coffman,* 549 U.S. 437, 440–42 (2007). Rather, Plaintiffs raise only generalized grievances about government conduct. *Lujan*, 504 U.S. at 573-77. Courts have repeatedly held that a generalized grievance against allegedly illegal governmental conduct does not satisfy the standing requirements of Article III. *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995); *Lujan*, 504 U.S. at 573-77; *Allen v. Wright*, 468 U. S. 737, 754 (1984). Therefore, Plaintiffs lack standing to assert these claims against any of these Defendants.

Next, Plaintiffs assert a *Bivens* claim and a claim pursuant to 42 U.S.C. § 1983, alleging that Defendants violated Plaintiffs' First Amendment Rights related to the freedom of speech and free exercise thereof. Pls.' Am. Compl. at 38-39, 43-44. Plaintiffs allege that Defendant Mark Zuckerberg violated Plaintiffs' First Amendment rights by placing "disinformation" warnings on Plaintiffs' social media posts, "shadow banning" Plaintiffs, placing Plaintiffs' posts in an "echo chamber," suspending Plaintiffs' social media accounts, and deleting Plaintiffs' accounts altogether. *Id.* at 31.

Plaintiffs also allege that Zuckerberg, along with others in the media, conspired to focus media attention of the January 6th "protest," which Plaintiffs and Plaintiffs' counsel attended, on "various bad actors" in order "to paint the Plaintiffs in a false light and stir public outrage against them for the purpose of interfering with their right of free speech and freedom to peaceably assemble." *Id.* Plaintiffs also allege that Defendant Roger Sollenberger and Defendant Justin Pelofsky, both journalists at Salon.com, participated in this effort. *Id.* at 31-32. Specifically, Plaintiffs allege that Sollenberger "ran articles in which he slandered or belittled various filings and components of [this] lawsuit." *Id.* at 32. As a result, Plaintiffs allege that they suffered mental anguish and emotional harm. *Id.* at 38-39.

Here, Plaintiffs adequately allege a particularized injury because these alleged injuries are personal, individual, and distinct to them. *Lujan*, 504 U. S., at 560. Plaintiffs do not make the same broad assertions that every American shared these injuries. Pls.' Am. Compl. at 38-39.

However, Plaintiffs have standing only to pursue these claims against Defendants Zuckerberg, Sollenberger, and Pelofsky. Plaintiffs lack standing to assert these claims against any other Defendant because Plaintiffs fail to plead facts indicating that these alleged injuries are fairly traceable to any other Defendant. To satisfy the traceability requirement of standing, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant. *Lujan*, 504 U.S. at 560. Plaintiffs must clearly allege facts demonstrating this element of standing at the pleading stage. *Spokeo*, 136 S. Ct. at 1547; *Lujan*, 504 U.S. at 561.

Yet, Plaintiffs do not allege a single fact to suggest a causal connection of any kind between their alleged First Amendment injuries and the alleged conduct of any other Defendant. Plaintiffs do not name any of the Defendants who are state or federal officials in the section of their

Complaint devoted to the First Amendment allegations. *See* Pls.' Am. Compl. at 30-33. Rather, Plaintiffs allege that the First Amendment violations were the result of a conspiracy between social media CEOs, "various persons in the news media," and "technology 'titans of business.'" *Id.* at 30-31.

Because Plaintiffs do not allege that the actions of the Defendants who are state or federal officials were causally related to Plaintiffs' First Amendment allegations in any way, Plaintiffs fail to satisfy the traceability requirement of standing with regards to these Defendants. *See Lujan*, 504 U.S. at 560-61. Therefore, Plaintiffs lack standing to assert their claims for First Amendment violations against the Defendants who are state and federal officials.

However, Plaintiffs do have standing at the pleading stage to assert their claims for alleged First Amendment violations against Defendants Zuckerberg, Sollenberger, and Pelofsky. Plaintiffs allege a sufficiently particularized injury: mental anguish and emotional harm to themselves only. *See Lujan*, 504 U. S., at 560. These injuries, as alleged, are sufficiently concrete as they are "real" injuries courts recognize and not "abstract" injuries. *Spokeo*, 136 S. Ct. at 1548. Also, these injuries, as alleged, are actual because they are not "conjectural" or "hypothetical." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).[2]

Next, these injuries can be fairly traced to the alleged actions of Defendants Zuckerberg, Sollenberger, and Pelofsky because Plaintiffs allege that these Defendants themselves acted to either interfere with Plaintiffs' social media accounts or violate Plaintiffs' First Amendment rights. *See Lujan*, 504 U.S. at 560-61; Pls.' Am. Compl. at 37-39. Finally, it is likely, not just speculative, that these alleged First Amendment violations can be redressed by a favorable ruling in the form

---

[2] In the event this lawsuit is not dismissed pursuant to this Report and Recommendation, Plaintiffs will need to provide more evidence that these injuries are indeed actual. However, at the pleading stage, general factual allegations of injury resulting from a defendant's conduct may suffice. *Lujan*, 504 U.S. at 561.

of monetary damages, which Plaintiffs seek. *See Lujan*, 504 U.S. at 561-62; Pls.' Am. Compl. at 49.

Next, Plaintiffs assert a claim for the "deprivation of equal rights under the law" pursuant to 42 U.S.C. § 1981. Pls.' Am. Compl. at 44. Plaintiffs allege that Defendants, motivated by racial animus toward Plaintiffs, acted to deprive Plaintiffs of equal rights to sue, be parties, and give evidence. *Id.* Plaintiffs allege that as the result of this "deprivation of equal rights," Plaintiffs suffered emotional harm and mental anguish. *Id.*

Plaintiffs devote only five sentences of their fifty-page Complaint to this claim, and Plaintiffs do not name any Defendants in this section. *Id.* Furthermore, Plaintiffs do not explicitly set forth which facts form the basis of this claim; instead, they merely state that they incorporate all allegations in the foregoing forty-three pages as though fully set forth in this claim. *Id.* As a result, it is not clear what Plaintiffs are alleging in this claim. *Id.* The factual basis of this claim appears to be emails Defendant Pelofksy sent to Plaintiffs' counsel after Plaintiffs filed their Complaint. *Id.* at 32. This is the sole allegation in Plaintiffs' Complaint that even mentions alleged racial discrimination. *See, generally,* Pls.' Am. Compl.

As a result, Plaintiffs have standing to assert this claim against Defendant Pelofsky. Plaintiffs allege a particularized injury: mental anguish and emotional harm that they themselves experienced as a result of Defendants' alleged "deprivation of equal rights." *Id.* at 44. Again, these injuries are sufficiently concrete and actual at the pleading stage. *Spokeo*, 136 S. Ct. at 1548; *Whitmore*, 495 U.S., at 155. These injuries can also be fairly traced to the alleged conduct of Defendant Pelofsky because his emails form the basis of this claim. Pls.' Am. Compl. at 32; *Lujan*, 504 U.S. at 560-61. Finally, their injury can be redressed by a favorable ruling in the form of monetary damages, which Plaintiffs seek. Pls.' Am. Compl. at 49; *Lujan*, 504 U.S. at 561-62.

However, Plaintiffs lack standing to assert this claim against any other Defendant because Plaintiffs fail to clearly allege facts demonstrating that their injury here can be fairly traced to any other Defendant. *Spokeo*, 136 S. Ct. at 1547. Plaintiffs do not allege that any other Defendant had any part in Pelofsky's emails. Pls.' Am. Compl. at 32. No other factual allegation in Plaintiffs' fifty-page Complaint even mentions alleged racial discrimination, and Plaintiffs do not name any Defendants at all in the section of their Complaint devoted to this claim. *Id.* at 44. As a result, Plaintiffs fail to satisfy the traceability requirement of standing with regards to these other Defendants. *See Spokeo*, 136 S. Ct. at 1547. Therefore, Plaintiffs lack standing to assert this claim against any Defendant other than Pelofsky. *See Lujan*, 504 U.S. at 560-61.

**B. Plaintiffs fail to state a claim under *Bivens* or 42 U.S.C. § 1983.**

Plaintiffs have standing to bring their *Bivens* claim for "conspiracy and/or conduct to deprive of First Amendment rights" and their claim for "conspiracy and conduct to deprive of First Amendment rights and retaliate for the free exercise thereof under 42 U.S.C. § 1983" against Defendants Zuckerberg, Sollenberger, and Pelofsky. However, Plaintiffs fail to state a claim upon which relief can be granted for either cause of action.

A plaintiff bringing a claim under 42 U.S.C. § 1983 must allege (1) a constitutional violation; and (2) that the defendants were acting under color of law when they committed the constitutional violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). A *Bivens* claim consists of the same requirements. *Coleman v. United States*, No. A-14-CV-1015-LY, 2015 WL 1651478, at *6 (W.D. Tex. Apr. 14, 2015). The only difference is that *Bivens* applies to constitutional violations by federal rather than state officials. *See Abate v. Southern Pac. Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th Cir. 1993).

However, Plaintiffs here fail to satisfy these requirements and therefore fail to state a claim under either 42 U.S.C. § 1983 or *Bivens*.

First, Plaintiffs fail to allege a constitutional violation recognized by *Bivens*. Neither the Supreme Court nor the Fifth Circuit have extended *Bivens* to First Amendment claims. *Sheldon v. Underwood*, No. 3:19-CV-2041-M-BH, 2021 WL 1110707, at *4 (N.D. Tex. Feb. 22, 2021); *see alsoReichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) (noting the Supreme Court has never held *Bivens* extends to the First Amendment context). The Supreme Court has only extended *Bivens* "beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment, *Carlson v. Green*, 446 U.S. 14 (1980)." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017). More recently, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). Therefore, Plaintiffs fail to satisfy the constitutional violation requirement of *Bivens*.

Next, even if Plaintiffs alleged a constitutional violation recognized by *Bivens*, Plaintiffs fail to allege plausible facts to show that Defendants Zuckerberg, Sollenberger, and Pelofsky acted "under color of law" as required by both 42 U.S.C. § 1983 and *Bivens*. Zuckerberg operates a private company (Facebook). Sollenberger and Pelofsky are both journalists for Salon.com, which is another private entity. None of these three Defendants are federal or state government officials. While the requirement that a defendant act "under color of law" does not require the defendant to be an officer of the State, the defendant must at least be a "willful participant in joint action with the State or its Agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

Plaintiffs fail to plead plausible facts to suggest that a single state or federal official was involved in this alleged conspiracy to deprive Plaintiffs of their First Amendment rights. Plaintiffs allege only that Zuckerberg met with "civil rights leaders" and "discussed and conspired" how to "suppress[] the political views of Plaintiffs." *Id.* at 30. Plaintiffs do not allege that these "civil rights leaders" were state or federal officials. *Id.* Plaintiffs also allege that this conspiracy consisted only of various persons in the news media, social media, and technology "titans of business." *Id.* Yet, none of these actors are state or federal officials either, and Plaintiffs do not name a single state or federal official in the section of their Complaint devoted to the First Amendment allegations. *Id.* at 30-33.

As a result, Plaintiffs do not plead specific, nonconclusory facts that establish that there was an agreement between Defendants and state or federal actors to violate Plaintiffs' federal civil rights. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Therefore, Plaintiffs fail to state a claim upon which relief can be granted.

**C. Plaintiffs fail to state a claim under 42 U.S.C. § 1981.**

Next, Plaintiffs bring a claim pursuant to 42 U.S.C. § 1981 for the "deprivation of equal rights under the law." Pls.' Am. Compl. at 44. As previously discussed, Plaintiffs only have standing to assert this claim against Defendant Pelofsky. Plaintiffs, however, fail to carry their burden at the pleading stage with respect to this claim.

To make out a successful claim under 42 U.S.C. § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Combined with the plausibility pleading standard, a plaintiff has "the burden of initially pleading facts that, taken as true, permit the court to plausibly infer that, but for race, [he] would

not have suffered the loss of a legally protected right." *Hoyt v. Am. Nat'l Ins. Co.*, No. 3:20-CV-545-L, 2021 WL 2823449, at *5 (N.D. Tex. July 6, 2021).

However, Plaintiffs do not allege sufficient facts to raise a plausible inference that, but for their race, they would not have suffered this injury. First, Plaintiffs do not actually plead that their race was a but-for cause of their injury; rather, Plaintiffs allege only that their race was a motivating factor – a standard the Supreme Court rejected as insufficient in *Comcast. See* Pls.' Am. Compl. at 44; *Comcast*, 140 S. Ct. at 1017.

Further, the only factual allegation in Plaintiffs' Complaint that is even remotely specific to this claim is that Defendant Pelofsky "sent counsel for Plaintiffs' [sic] multiple emails displaying his clear contempt for Plaintiffs, including one email in which he strongly suggested that Plaintiffs, who are Blacks and Latinos, lack the ability to think for themselves and are merely doing the bidding of the white man, which he suggested was Plaintiffs' counsel." Pls.' Am. Compl. at 32. Even assuming that this is true, this allegation alone is not enough to support a plausible inference that but for Plaintiffs' race, they would not have suffered the same alleged "deprivation" of their right to sue, especially considering Plaintiffs' allegation that "those Plaintiffs who are white persons allege the same" racial discrimination. *Id.* at 44.

The five-sentence section of Plaintiffs' Complaint devoted to this claim is merely a conclusory recitation of the elements of 42 U.S.C. § 1981. *See* 42 U.S.C. § 1981; *see* Pls.' Am. Compl. at 44. This is not enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. For these reasons, Plaintiffs fail to state a claim to relief that is plausible on its face under 42 U.S.C. § 1981. *Id.* at 570.

**D. Plaintiffs' Second Amended Complaint should be stricken.**

Six days after Plaintiffs already amended their Complaint as a matter of course, Plaintiffs filed a fifty-nine-page Second Amended Complaint without obtaining leave of court or consent from any of the Defendants. *See* Pls.' Am. Compl. (filed on February 10, 2021); *See* Pls.' Second Am. Compl., ECF 14 (filed on February 16, 2021). A party is only allowed to amend their complaint once as a matter of course without obtaining leave of Court or consent from the parties. *See* Fed. R. Civ. P. 15(a)(1)-(2). As a result, the Court **RECOMMENDS** that Plaintiff's Second Amended Complaint be **STRICKEN.**

Regardless, Plaintiffs' Second Amended Complaint is futile. An amended complaint is futile if it fails to state a claim upon which relief may be granted. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014). Plaintiffs do not add any new claims in their Second Amended Complaint, nor do they materially change the claims in their First Amended Complaint. *See* Pls.' Second Am. Compl. at 40-48; *see* Pls.' Am. Compl. at 36-44. As a result, Plaintiffs' Second Amended Complaint does not impact the Court's previous discussion regarding Plaintiffs' lack of standing or failure to state a claim; the Second Amended Complaint suffers from the same defects for the same reasons. Under both Complaints, Plaintiffs lack standing and fail to state a claim to relief that is plausible on its face.

## IV. CONCLUSION

Plaintiffs lack standing to assert the following claims against any Defendant: their claim for conspiracy to "deprive constitutional rights related to suffrage and the right to a republican form of government" under 42 U.S.C. § 1983; their claim for conspiracy to interfere with constitutional rights under 42 U.S.C. § 1985; their "action for neglect to prevent" constitutional

violations related to suffrage under 42 U.S.C. § 1986, and their *Bivens* claim for conspiracy to "deprive constitutional rights related to suffrage." *See* Pls.' Am. Compl. at 43-51.

Next, Plaintiffs have standing to assert their claims for alleged First Amendment violations under *Bivens* and 42 U.S.C. § 1983 only against Defendants Zuckerberg, Sollenberger, and Pelofsky. *Id.* However, Plaintiffs fail to state a claim upon which relief can be granted for either claim.

Finally, Plaintiffs have standing to assert their claim for deprivation of equal rights pursuant to 42 U.S.C. § 1981 against Defendant Pelofsky only. Yet again, Plaintiffs fail to state a claim upon which relief can be granted.

## V. ORDER and RECOMMENDATION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** Plaintiffs' First Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction and failure to state a claim.  The Court further **RECOMMENDS** that Plaintiffs' Second Amended Complaint be **STRICKEN.** Additionally, the Court **RECOMMENDS** that all other pending Motions be **DENIED AS MOOT.** Finally, the Court **ORDERS** this matter **STAYED** (including all Answer deadlines) pending the resolution of the Report and Recommendation by the District Court.

## VI. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 20ᵗʰ day of August, 2021.**

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

16